APOLINA NAROZNIAK, ADMINISTRATRIX, ETC., PROSE-
CUTRIX, v. JOSEPHINE PERDEK AND WORKMEN'S
COMPENSATION BUREAU, DEFENDANTS.

Submitted May 13, 1932—Decided September 6, 1932.

Before Justices PARKER, CAMPBELL and LLOYD.

For the prosecutrix, *J. Thaddeus Rospond.*

For the defendant, *William Hartshorne.*

PER CURIAM.

The controversy in this case arises out of the facts that the employer carried compensation insurance, and the insurance company made the weekly payments agreed upon pursuant to the statute up to the death of the employer, and thereafter until the usual proceedings had been taken for the settlement of his estate, including order limiting creditors and later order barring creditors; after which the insurance company became insolvent and ceased paying, and it then transpired that the compensation claim had never been

presented to the administratrix, although of course the estate was primarily liable for the payments. Doubtless the contingency of the insurance company breaking down had not occurred to any of the parties concerned.

Payments having ceased, the employe took the course of having them adjudicated under the Compensation act. The referee designated in that proceeding held that the bureau had jurisdiction to go so far as to ascertain and adjudicate the amount due and to grow due, but was without jurisdiction to enforce it; no doubt in view of the order barring creditors, which was put in evidence and was expressly recognized in his findings.

We concur in his view that the bureau had no jurisdiction to enforce an award, and confess our inability to see how, by the statute, the bureau is endowed with authority to make an award which it cannot enforce. The two things are inseparable, for by section 11 of the act of 1918 (*Pamph. L., p.* 429 (at *p.* 433), amended *Pamph. L.* 1921, *p.* 733) it is provided that the award, when filed in the county clerk's office, "shall have the same effect and may be collected and docketed in the same manner as judgments rendered in causes tried in the Court of Common Pleas." Such judgments, in the nature of things, are enforceable by execution.

At the death of the employer, who was the party primarily liable, orderly procedure required that the claim should be presented to his estate for audit and recognition, as in any other case of a claim. *Ray Estate* v. *Steelman,* 90 *N. J. L.* 184. Even if the claim were in tort, the rule would still apply. *Hackensack Trust Co.* v. *Van Den Berg,* 92 *Id.* 412. But the present claim, as the referee properly held, is contractual in its nature, and *a fortiori* it is within the rule.

There is no suggestion of any fraud or concealment on the part of the prosecutrix, who conceivably may not even have known of the accident. In any event, the situation seems to be that of an employer and employe who, when the settlement of the amount and the making of the payments have been taken over by an apparently solvent insurance company, dismiss the whole thing from mind, and after the

employer is dead for over a year and the estate has been settled, the claimants are awakened by the stoppage of payments by the insurance company. Legally they are in default for not having presented their claim in due season, and are barred, except as against a surplus remaining after settlement (Orphans Court act, *Comp. Stat., p.* 3836, § 72), or unless some estate not accounted for is discovered. *Ibid., p.* 3834, § 69.

The award will be set aside, but without prejudice to proceeding under the pertinent provisions of the Orphans Court act for an audit and settlement of the claim against assets remaining by way of surplus, or other assets not accounted for in the settlement of the estate. Should the claim be recognized as valid as against such assets, payments will of course be made by the estate to the extent of such assets, so far as needed to satisfy the balance remaining due on the agreement of award filed with the bureau in August, 1928, the total of which is stated in the findings of the referee at $7,284.86. Should the claim be disputed, and there be assets of the nature above specified to satisfy it in whole or part, then a petition may be filed for enforcement of the claim to the extent indicated above, provided it be filed within the statutory period of limitation.